NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PATRICK STEPHEN WALSH,   :   CIV. NO. 19-20921 (RMB)
                         :
     Petitioner          :
                         :
   v.                    :   **OPINION**
                         :
DAVID E. ORTIZ,          :
                         :
     Respondent          :

This matter comes before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Patrick Stephen Walsh ("Petitioner"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey. ("FCI Fort Dix.") Petitioner challenges the Bureau of Prison's ("BOP") interpretation of the word "months" for calculation of his federal sentence. (Pet., Dkt. No. 1.) Petitioner also filed a motion for appointment of counsel. (Mot. to Appoint Counsel, Dkt. No. 9.) Respondent filed an answer to the petition on June 25, 2020 (Answer, Dkt. No. 8), and Petitioner filed a reply brief. (Reply Brief, Dkt. No. 10.) For the reasons discussed below, the Court will deny the motion to appoint counsel, and deny the petition.

I.   BACKGROUND

The United States District Court, District of Maryland sentenced Petitioner to a 235-month term of imprisonment, for committing arson in violation of 18 U.S.C. § 844(i), conspiracy to

commit arson in violation of 18 U.S.C. § 844(n), and aiding and abetting in violation of 18 U.S.C. § 2. (Answer, Ex. 1, Dkt. No. 8-1.) In a separate judgment in the same criminal case, the court sentenced Petitioner to a 42-month term of imprisonment for drug and gun crimes, to run concurrently with the arson sentences. (Answer, Ex. 2, Dkt. No. 8-2.) Assuming Petitioner receives all Good Time Credit ("GTC") available to him under 18 U.S.C. § 3624(b), his projected release date is October 3, 2021. (Id.)

II.   DISCUSSION

    A.   The Petition

The Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner challenges the duration of his sentence. Mabry v. Warden Allenwood FCI Low, 747 F. App'x 918, 919 (3d Cir. 2019) (citing McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010) (jurisdiction lies in habeas when granting the petition would necessarily imply a change to the duration of the petitioner's sentence). Petitioner alleges that the BOP should calculate his "Effective Full Term" sentence date using 30-day months rather than calendar months. (Pet. Dkt. No. 1.) This would avoid sentencing disparities because calendar months range from 28 to 31 days. If Petitioner's 235-month sentence is calculated using 30-day months, he would be entitled to release from prison approximately 100 days sooner. For support, Petitioner points to the legislative history of the First Step Act's amendment to GTC in 18 U.S.C. § 3624(b)(1). The

legislative history suggests Congress wished to allow prisoners to earn a sentence reduction of 15% GTC per year, a maximum of 54 days. According to Petitioner, based on the mathematical calculation, Congress must have calculated 54 days by using twelve 30-day calendar months. Petitioner acknowledges that his Judgment is silent as to the meaning of the term "months."

B.   The Answer

Respondent contends that the BOP correctly interpreted the Petitioner's Judgment; he was sentenced to 235 calendar months, rather than 30-day periods. In the context of criminal sentences, courts have not considered this issue. Outside the context of criminal sentences, however, courts have interpreted the word "month" to have its ordinary meaning, a calendar month.[1] Respondent asserts that the time for a defendant to advocate for a shorter sentence, expressed in terms of days, is at his sentencing. The relevant statute under which the BOP determines a prisoner's aggregate sentence and effective full term date is 18 U.S.C. § 3621(a), a federal prisoner "shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed…"

---

[1] Respondents cite to Sheets v. Selden's Lessee, 69 U.S. 177, 190 (1864); Guar. Tr. & Safe-Deposit Co. v. Green Cove Springs & Melrose R. Co., 139 U.S. 137, 145 (1891); Simuel v. City of Dayton, No. 3:09CV180, 2011 WL 4102529, at *7 (S.D. Ohio Sept. 14, 2011); BP Expl. & Prod., Inc. v. Claimant ID 100262795, 759 F. App'x 249, 253 (5th Cir. 2019). (Answer at 4-5, Dkt. No. 8.)

C. <u>Petitioner's Reply Brief</u>

In his reply brief, Petitioner quotes <u>U.S. v. Booker</u>, 543 U.S. 220, 295 n. 14 (2005) (remarks of Sen. Hatch), "the core function of the [sentencing] guidelines … is to reduce disparity in sentencing and to restore fairness and predictability to the sentencing process." (Reply Brief at 2, Dkt. No. 10 (quoting 133 Cong. Rec. 33109 (1987)). Months vary from 28 to 31 days; therefore, Petitioner contends that calculating federal sentences using calendar months is not a fair and predictable standard.

Petitioner also relies on <u>Jones v. United States</u>, 529 U.S. 848, 857 (2000) (citations omitted), "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." (Reply Brief at 2, Dkt. No. 10.) Petitioner argues that the sentencing disparity created by calculating the same term of imprisonment for prisoners whose sentences begin in different calendar months violates equal protection, implicit in the Fifth Amendment Due Process Clause. (<u>Id.</u>) Finally, Petitioner submits that Respondent's Answer should be struck as untimely.

D. <u>Motion to Appoint Counsel</u>

Petitioner seeks appointment of counsel under 18 U.S.C. § 3006A, citing the difficulties of performing legal research in prison during the COVID-19 shutdown. (Mot. Appoint Counsel, Dkt.

No. 9.) Despite the difficulties of self-representation during the pandemic, there is no legal right to counsel in a proceeding under 28 U.S.C. § 2241 when an evidentiary hearing is not required. See 28 U.S.C. § 2243. Courts may appoint counsel in § 2241 proceedings when "the interests of justice so require," and the petitioner is financially eligible. 18 U.S.C. § 3006A(2)(B).

Here, the petition raises solely a legal issue to be determined by the Court; therefore, an evidentiary hearing is unnecessary. Yohn v. Love, 76 F.3d 508, 515 (3d Cir. 1996). Petitioner has presented his case admirably and forcefully; thus, the interests of justice do not require appointment of counsel. Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991) (quoting La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (finding no abuse of a district court's discretion in failing to appoint counsel where "the petitioner had 'a good understanding of the issues and the ability to present forcefully and coherently his contentions.'")) Therefore, the Court will deny Petitioner's motion to appoint counsel and make a determination on the petition based on the briefs and records before the Court, pursuant to Federal Rule of Civil Procedure 78(b).

  E. Timeliness of the Answer

Petitioner submits that Respondent's answer should be struck as untimely. On February 25, 2020, the Court issued an Order for Respondent to file an answer within 45 days, by April 10, 2020.

This deadline, however, was subject to District of New Jersey Standing Order 2020-04, In Re: Additional Measures Due to the Exigent Circumstances Created by COVID-19, "all filing and discovery deadlines in civil matters that currently fall between March 25, 2020 and April 30, 2020, are EXTENDED by forty-five (45) days, unless the presiding judge in an individual case directs otherwise…." Respondent's Answer was due on May 25, 2020. On May 21, 2020, Respondent sought an extension of time to file an answer, and the Court granted the request. (Order, Dkt. No. 7.) Respondent filed the Answer on the deadline imposed by the Court, June 25, 2020. Therefore, the Court denies Petitioner's request to strike the Answer.

F. Analysis

1. *Denial of Administrative Appeal*

The parties agree that Petitioner exhausted his administrative remedies prior to filing the present habeas petition. In denying Petitioner's appeal of his sentence calculation at the final level of review, the BOP Central Office explained:

> This is in response to your Central Office Administrative Remedy Appeal, wherein you request that each month of your 235-month term of imprisonment be multiplied by 30 days in order to establish a 7,050-day term of confinement.
>
> As demonstrated in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984),

>federal sentences are not calculated by multiplying the number of months in the sentence times 30 days to determine the length of the term of confinement to be served. Rather, federal sentences are calculated in terms of years, months and days. For the purpose of calculating sentences, 365 days (366 days in the case of a leap year) is equal to 12 months, or one year.
>
>Multiplying a 12-month term times 30 days for each month would result in a term of 360 days, which is less than one year. A review of your record revealed you are currently subject to a 235-month total term of imprisonment commencing on December 5, 2005. As there are 12 months in one year, your 235-month term converts to a 19-year and 7-month term of imprisonment. Adding the 19-year and 7-month term to the December 5, 2005, commencement date results in a July 4, 2025, tentative full term date. To calculate the 235-month term as a 7,050-day term of confinement, would result in a March 24, 2025, tentative full term date. Subtracting the 353 days of prior credit time from the tentative full term dates of July 4, 2025, and March 24, 2025, results in expiration full term dates of July 16, 2024, and April 5, 2024, respectively. To calculate your federal sentence as a 7,050 term would cause you to serve 3 months and 11 days less than the 235-month term imposed by the federal sentencing court.
>
>Your sentence has been computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).
>
>Accordingly, your appeal is denied.

(Declaration of Corrie Dobovich[2] ("Dobovich Decl."), Ex. 2, Dkt.

---

[2] Corrie Dobovich is a legal assistant with the Federal Bureau of Prisons at FCI-Fort Dix, who has access to files on inmates kept

No. 8-3 at 15.)

              2.   *BOP's Interpretation of "term imposed"*

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). 18 U.S.C. § 3621(a) requires the BOP to maintain custody over a federal prisoner "until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." Section 3621(a) is silent as to how the BOP must determine the expiration of the "term imposed." The parties do not dispute that the term imposed is 235 months. The BOP calculates a prisoner's full term expiration date using its sentence computation manual, BOP Program Statement 5880.28. Under that policy, sentences are calculated based on years, months and days, with "months" meaning calendar months. (Dobovich Decl., Ex. 2, Dkt. No. 8-3 at 15.)

    When an agency interprets a statute

> the interpretation [by regulation] receives deference if the statute is ambiguous and if the agency's interpretation is reasonable. This principle is implemented by the two-step analysis set forth in *Chevron [U.S.A., Inc. v. Natural Resources Defense Council, Inc.*] At the first step, a court must determine whether Congress has "directly spoken to the precise question at issue." 467 U.S. [837] at 842, 104 S.Ct. 2778 [1984]. If so, "that is the end of

---

in the ordinary course of BOP's business. (Dobovich Decl. ¶1, Dkt. No. 8-3 at 1.)

> the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.*, at 842–843, 104 S.Ct. 2778. If not, then at the second step the court must defer to the agency's interpretation if it is "reasonable." *Id.*, at 844, 104 S.Ct. 2778.

Encino Motorcars, LLC v. Navarro, 136 S. Ct. 2117, 2124–25, 195 L. Ed. 2d 382 (2016). Only "some deference" is due to BOP program statements, rather than the greater deference due for regulations. King v. Shultz, 408 F. App'x 548, 551 (3d Cir. 2010).

In this case, there is no ambiguity in the phrase "term imposed" in § 3621(a). The term imposed by the sentencing court, 235 months, is ambiguous only in the sense that it could be calculated using calendar months or a set number of days based on average days in a month. Only by giving a sentence in terms of days, does a sentencing court take into account the varying number of days in a month. If the sentencing court had intended Petitioner to serve 235 30-day periods rather than 235 calendar months, the sentencing court would have sentenced Petitioner using a term of days. The ordinary meaning of the word "month" is calendar month, according to the dictionary definition and well-settled Supreme Court cases. See Black's Law Dictionary (11th ed. 2019); Sheets v. Selden's Lessee, 69 U.S. 177, 190 (1864); Guar. Tr. & Safe-Deposit Co. v. Green Cove Springs & Melrose R. Co., 139 U.S. 137, 145 (1891). There is no reason to believe the sentencing court meant something other than the ordinary meaning of the word. The BOP's

interpretation of § 3621(a), and of the sentence imposed on Petitioner, as reflected in BOP Program Statement 5880.28 and Petitioner's sentence computation, are reasonable and entitled to "some deference."

### 2. *Legislative history of the First Step Act's calculation of Good Time Credit*

Petitioner points to the legislative history of the First Step Act and concludes that Congress must have intended to award GTC based on twelve-30 day periods per year because Congress chose a maximum credit of 15% per year, and 54 days is 15% of 360, not 365. Petitioner, however, is not challenging the computation of his GTC. Congressional intent concerning GTC is not relevant here. The BOP must give effect to the intent of the sentencing court in imposing a 235-month term of imprisonment. As discussed above, if the Court intended to take into account the varying number of days in a month, the Court would have given the sentence in terms of days. The legislative history of the First Step Act is unpersuasive.

### 3. *Avoiding Sentencing Disparities*

Petitioner cites to the Supreme Court decision in Booker in support of his argument that his term of imprisonment should be calculated using twelve 30-day periods to avoid any sentencing disparities by using calendar months. The discussion of sentencing disparity in Booker involves "a system that diminishes sentencing

disparity" through "judicial efforts to determine, and to base punishment upon, the real conduct that underlies the crime of conviction." Petitioner's argument is unrelated to the type of sentencing disparity referred to in Booker. In Petitioner's hypothetical, two prisoners given the same sentence in terms of months, no matter the type of criminal conduct at issue, may serve different sentences in terms of days. The Court finds no precedent regarding Congressional or Supreme Court concern over this type of sentencing disparity. Therefor, this argument too is unpersuasive.

    4.   *Equal protection*

Petitioner also invokes the equal protection clause in support of his interpretation of "months" meaning 30-day periods. "Fifth Amendment equal protection claims are examined under the same principles that apply to such claims under the Fourteenth Amendment." Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001) (citations omitted). The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). The burden is on the petitioner to prove the existence of purposeful discrimination that had a discriminatory effect on him. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). "'Discriminatory purpose' … implies that the decisionmaker … selected … a particular course of action at least in part 'because of,' not merely 'in

spite of,' its adverse effects upon an identifiable group." Hernandez v. New York, 500 U.S. 352, 360 (1991) (quoting Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (footnote and citation omitted).

BOP Program Statement 5880.28 does not treat prisoners who are subject to sentences imposed for the same number of months any differently from each other; the policy requires the BOP to calculate all such sentences in terms of calendar months. Any disparate impact caused by this calculation, in terms of days served by prisoners with the same sentence, does not have a disparate impact on a suspect class. Discrepancies in terms of the number of days served are based solely on the month when a prison term commences. Therefore, Petitioner cannot establish the existence of purposeful discrimination in BOP Program Statement 5880.28, a necessary element for an equal protection claim. The Court finds it proper to give deference to the BOP's reasonable interpretation of a term of imprisonment given in "months," for the calculation of a prisoner's full term expiration date in BOP Program Statement 5880.28.

III. CONCLUSION

For the reasons discussed above, the Court denies the habeas petition.

An appropriate Order follows.

Date: January 4, 2021

                                              <u>s/Renée Marie Bumb</u>
                                              **RENÉE MARIE BUMB**
                                              **UNITED STATES DISTRICT JUDGE**